**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 25-CR-258 (JMC)** |
| **v.** | **:** | |
| | **:** | |
| **JEFFREY BRITT** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**<u>JOINT PRETRIAL STATEMENT</u>**

The United States of America, by and through its attorneys the United States Attorney for the District of Columbia, and the defendant Jeffrey Britt, by and through counsel, respectfully submit this Joint Pretrial Statement pursuant to the Court's Order, dated March 25, 2026.

**A.    STATEMENT OF PLEA OFFER**

The United States made a plea offer to Mr. Britt on September 6, 2025.[1] That offer provided that if Mr. Britt were to  plead guilty to unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year (18 U.S.C. § 922(g)(1)) and endangerment with a firearm (22 D.C. Code § 4503.03), the United States would not bring additional charges, including assault with a dangerous weapon (22 D.C. Code § 402) or possession of a firearm during a crime of violence (22 D.C. Code § 4503).[2] The United States' offer calculated a federal Guidelines range of 51 to 63 monthsas well as a range of 14-32 months

---

[1] At the time, AUSA John Parron represented the United States and Allen Orenberg represented Mr. Britt. Ms. Jeffress entered her appearance on behalf of Mr. Britt on October 17, 2025. AUSA Lee entered his appearance on behalf of the United States on January 8, 2026. The plea offer was extended twice to accommodate the change in counsel, and ultimately expired on February 24, 2026.

[2] The possession of a firearm during a crime of violence offense carries a five-year mandatory minimum penalty; the parties agreed that the Court would have discretion to impose this sentence concurrently or consecutively to all other sentences.

under D.C. Guidelines. The United States calculated a Guidelines range of 70 to 87 months if trial were to result in a conviction.

On February 12, 2026, after multiple exchanges with defense counsel, the United States extended an updated plea offer, under which the United States agreed to allocute for a concurrent sentence if the court in D.C. Superior Court Case No. 2009 CF1 024214  were to find that the defendant violated the terms of his probation. The offer was otherwise the same as the original plea offer, and the United States did not agree to cap its allocution in either the present case or 2009 CF1 024214.

Defense counsel discussed all aspects of the plea offer, including the United States' sentencing calculations, with Mr. Britt on December 4, 2025, and February 20, 2026. Mr. Britt rejected the plea offer on the record at the status conference on February 24, 2026.

B.      JOINT STATEMENT OF THE CASE

(Government's Proposed Statement) This is a criminal case. The defendant is charged with: (i) unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year (18 U.S.C. § 922(g)(1)); and (ii) unlawful discarding a firearm or ammunition (22 D.C. Code § 4503.04). The United States alleges that on June 28, 2025, the defendant fired a firearm into a crowd of people standing outside of a Washington, D.C. bar and then discarded the firearm while walking away from the crime scene. Mr. Britt has pleaded not guilty to the charges.[3]

(Defense's Proposed Statement) This is a criminal case. The government has charged Jeffrey Britt in a two-count indictment alleging Unlawful Possession of a Firearm and Ammunition

---

[3] The defense objects to the government's characterization that the indictment alleges that the "defendant fired a firearm into a crowd." Mr. Britt has been charged only with possessory firearm offenses.

by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1), and Unlawful Discarding of Firearms and Ammunition, in violation of D.C. Code § 22-4503.04.

These charges arise from events that took place in the early morning hours of June 28, 2025, Metropolitan Police Department ("MPD") officers were standing on 9th Street NW and observed a crowd of people gathered outside a nightclub called Cloud Lounge. A loud noise erupted and the individuals in the crowd dispersed. Subsequently, the officers recovered a firearm in front of 1933 9th Street NW, a few doors north of Cloud Lounge. The government alleges that Mr. Britt possessed the firearm and ammunition and discarded the firearm at the scene. Mr. Britt denies these allegations and maintains his innocence.

**C.      PROPOSED VOIR DIRE QUESTIONS**

The parties' proposed *voir dire* questions are attached as Exhibit 1.

**D.      PROPOSED JURY INSTRUCTIONS**

The parties' proposed jury instructions are attached as Exhibit 2

**E.      EXPERT WITNESS LIST**

**1.      United States Experts**

**Firearms Expert Samanta Karner[4]**

---

[4] As outlined in his Motion in Limine to Limit the Testimony of the Government's Firearms Expert, Mr. Britt asks the Court to credit the growing reliability concerns regarding the Association of Firearms and Toolmark Examiners ("AFTE") methodologies and impose appropriate restrictions on Ms. Karner's assertion that the recovered shell casing was decisively "identified as having been fired" from the recovered firearm *See* ECF No. 35, at 4-8. Specifically, Mr. Britt asks the Court to follow in the tradition of other federal district courts and permit Ms. Karner to testify only that "toolmarks on the shell casing are consistent with having been fired from the recovered firearm" and that the recovered firearm "cannot be excluded as the source of the recovered shell casing," and preclude her from testifying any testimony that the recovered firearm "is, <u>in</u> fact, the source of the recovered bullet fragment or the recovered shell casing." *Id*. at 8 (citing *United States v. Shipp*, 422 F. Supp. 3d 762, 776 (E.D.N.Y. 2019) (emphasis in original); *see also United States v.*

At the trial in this matter, the government will seek to qualify a firearms expert—Samantha Karner—as an expert in the examination and analysis of firearms and ammunition. Ms. Karner will testify regarding the testing and conclusions contained in her produced report. Ms. Karner's expected testimony is outlined in detail in the government's *Notice of Expert Testimony*, filed at ECF No. 30.

### DNA Expert Kristin Beyers

The government has disclosed a DNA report and underlying materials. At the trial in this matter, the government will seek to qualify a DNA expert—Kristin Beyers—as an expert in forensic DNA analysis. Ms. Beyers will testify regarding the testing and conclusions contained in her produced report. M. Beyers's expected testimony is outlined in detail in the government's *Notice of Expert Testimony*, filed at ECF No. 31.

### 2. Defense Expert

Mr. Britt may call Dr. Greg Hampikian to provide expert testimony concerning multiple aspects of DNA forensics, including DNA testing, analysis, and transfer. Dr. Hampikian has over twenty years of experience in DNA forensics and has specialized training in STR analysis and probabilistic genotyping (STRmix), which were both used in this case. Dr. Hampikian has a Bachelor of Science (BS) in Biological Sciences, a Master of Science (MS) in Genetics, and a Doctor of Philosophy (PhD) in Genetics from the University of Connecticut. If he testifies at trial, Dr. Hampikian will discuss his analysis of the case file, including the DNA-related case materials provided by the government and Body Worn Camera footage. Dr. Hampikian may also testify

---

*Ashburn*, 88 F. Supp. 3d 239 (E.D.N.Y. 2015) (finding that an expert's testimony regarding ballistics must be limited to remain within the bounds of Rule 702).

about the mechanics of DNA transfer and his analysis of the government's expert report. *See* ECF No. 38-1.

**F.      DEFENDANT'S PRIOR CONVICTIONS**

Should the defendant elect to testify, the government intends to impeach him with his criminal conviction for Second-Degree Murder and Possession of a Firearm During a Crime of Violence in D.C. Superior Court Case No. 2009 CF1 024214.

**G.      EXHIBIT LIST**

The United States' exhibit list is attached as Exhibit 3-1. The defendant's exhibit list is attached as Exhibit 3-2.

**H.      STIPULATIONS**

The parties are in communication regarding a number of stipulations for the government, which are still under consideration by the defendant. The government's proposed stipulations are attached as Exhibit 4 and are subject to revision.

**I.      PROPOSED VERDICT FORM**

The proposed verdict form is attached as Exhibit 5.

**J.      PROPOSED SCHEDULE FOR WITNESS LIST AND JENCKS**

The United States' proposed witness list is attached as Exhibit 6. The defendant will be provided any *Jencks* material, to the extent it exists, no later than two weeks before trial begins. The defendant shall provide his witness list to the government no later than the close of the government's case and the reverse Jencks material no later than the Friday before the witness is to testify.

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:           /s/

MICHAEL C. LEE
CT Juris No. 436272
JOSHUA SATTER
NY Bar No. 5477112
Assistant United States Attorneys
601 D Street, NW
Washington, D.C. 20530
202-252-7745
Michael.Lee4@usdoj.gov




/s/ Amy Jeffress

Amy Jeffress, Bar No. 449258
Nicolas Y. Riley, Bar No 1671861
Minahil Khan, Bar No.1721684
HECKER FINK LLP
1050 K Street NW
Suite 1040
Washington, DC 20001
(212) 763-0883
ajeffress@heckerfink.com
nriley@heckerfink.com
mkhan@heckerfink.com

*Attorneys for Defendant Jeffrey Britt*